**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

STEPHEN SPICER,

       Plaintiff,

v.                                                                  Case No.  04-2184-KHV-DJW

NEW IMAGE INTERNATIONAL, INC., et al.,

       Defendants.

_____

NEW IMAGE INTERNATIONAL, INC.,

       Third-Party Plaintiff,

v.

ATRIUM, INC., et al.,

       Third-Party Defendants.

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion for Leave to Amend Complaint (doc. 74).

More specifically, Plaintiff seeks  to add third-party defendants Atrium, Inc. ("Atrium") and Aspen

Group, Inc. ("Aspen") as party defendants to this suit.  Aspen opposes the motion.  For the reasons

stated below, Plaintiff's Motion will be granted.

**Discussion**

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend the party's pleading

once as a matter of course before a responsive pleading is served.[1]  Subsequent amendments are

_____

[1]Fed. R. Civ. P. 15(a).

allowed only by leave of court or by written consent of the adverse party.[2]  Leave to amend, however,

is to be "freely given when justice so requires," and the Supreme Court has emphasized that "this

mandate is to be heeded."[3]  The decision to grant leave to amend, after the permissive period, is

within the district court's discretion and will not be disturbed absent an abuse of that discretion.[4]

Although Rule 15(a) provides that leave to amend shall be given freely, the district court may

deny leave to amend where amendment would be futile.[5]  A motion to amend may be denied as futile

if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state

a claim.[6]  The court will dismiss a cause of action for failure to state a claim only when "it appears

beyond a doubt that the [party] can prove no set of facts in support of his claims which would entitle

him to relief"[7] or when an issue of law is dispositive.[8]  The court accepts as true all well-pleaded

facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts

are viewed in favor of the claimant.[9]  The issue in resolving a motion such as this is "not whether

---

[2]*Id.*

[3]*Foman v. Davis*, 371 U.S. 178, 182 (1962).

[4]*Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[5]*Jefferson County School Dist. No. R-1 v. Moody's Investor's Serv., Inc.,* 175 F.3d 848, 859 (10th Cir. 1999) (citing *Bauchman v. West High School*, 132 F.3d 542, 559 (10th Cir.1997)).

[6]*Id.*; *Schepp v. Fremont Cty.*, 900 F.2d 1448, 1451 (10th Cir. 1990).

[7]*Poole v. Cty. of Otero*, 271 F.3d 955, 957 (10th Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

[8]*Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

[9]*Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

[the claimant] will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[10]

In support of its argument that it is not proper to add Aspen as a defendant to this lawsuit, Aspen argues it did not design, formulate, manufacture, label, package, advertise, market, promote, supply, ship, distribute, warrant or sell Fastrim, the allegedly defective product at issue in this lawsuit. Aspen claims that it was merely a billing conduit, equivalent to a collection agency, for Atrium. Aspen offers an affidavit from Jim Sommers, the Vice President of Aspen and President of Atrium to support its contentions.

Plaintiff takes issue with Aspen's argument, and contends that the full nature and extent of Atrium and Aspen's involvement in the manufacture and design of Fastrim has not yet been clarified through discovery.  In support of its contention, Plaintiff points to written discovery responses that indicate Aspen may well have manufactured, formulated, labeled, quality tested, and assured Fastrim was in compliance with state and federal regulations.  First, Plaintiff refers the Court to Defendant New Image's discovery responses to:

- Plaintiff's First Interrogatory No. 5, which identifies Aspen as a laboratory that manufactured Fastrim for the eight-year period prior to the present date;

- Plaintiff's First Interrogatory No. 6, which states that Fastrim was formulated and manufactured by Aspen;

- Plaintiff's First Interrogatory No. 9, which states that all content of the label was provided by Aspen;

- Third-Party Defendant's Interrogatory No. 9, which states the product was formulated, manufactured and packaged by third-party defendants); and

---

[10]*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quotation omitted).

3

- Third-Party Defendant's Interrogatory No. 10, stating the product was formulated, manufactured, quality tested and sold to New Image by Atrium and Aspen.

Both sets of these interrogatory responses were verified under oath by Ron Frederick, president of New Image. Plaintiff also refers to Defendant Liquidity's discovery responses to

- Plaintiff's Interrogatory No. 5, which states that Fastrim was manufactured by Aspen;

- Plaintiff's Interrogatory No. 15, stating Fastrim was designed and formulated by Aspen; and

- Plaintiff's Interrogatory No. 22, which states that Aspen was responsible for making sure the product was in compliance with all state and federal regulations.

These interrogatory responses are sworn under oath by L. Scott McKnight, president and CEO of Liquidity.

Finally, Plaintiff maintains that documents produced on behalf of Aspen itself in this lawsuit indicate Aspen was more than a billing conduit. Several of these documents are purchase orders, which indicate that Aspen was the seller/vendor of Fastrim.[11]

Upon review of the evidence presented, and viewing all reasonable inferences from the facts alleged in favor of Plaintiff, the Court cannot conclude as a matter of law that Plaintiff will be unable to prove the facts necessary to support the allegations against Aspen set forth in the proposed Amended Complaint. In coming to this conclusion, the Court is mindful of Aspen's contention that many of the discovery responses set forth by Plaintiff refer to Aspen, Inc. as opposed to Aspen Group, Inc. Aspen may very well be able to obtain summary judgment on the claims against it; however, it would be premature for the Court to deny Plaintiff the opportunity to establish that

---

[11]*See* Exhibit D to Plaintiff's Reply (doc. 103).

4

Aspen was more than a billing conduit and actually was involved in the design, manufacture and packaging of the product at issue in this case.

Based on the discussion above, Plaintiff's Motion to Amend (doc. 74) is granted and Plaintiff shall electronically file and serve the referenced Complaint on or before **December 16, 2005.**

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 5th day of December, 2005.


s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel and *pro se* parties

5