IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEPHEN SPICER,                              )<br>                                                         )<br>              Plaintiff,                            )<br>                                                         )<br>v.                                                       )<br>                                                         )<br>NEW IMAGE INTERNATIONAL, INC., et al.  )<br>                                                         )<br>              Defendants.                        )<br>_____) | CIVIL ACTION<br><br>No. 04-2184-KHV |

## MEMORANDUM AND ORDER

Stephen Spicer brings suit against New Image International, Inc., Liquidity International, Inc., Atrium, Inc., and Aspen Group, Inc., alleging negligence, strict liability, breach of express and implied warranties, fraudulent misrepresentation, negligent misrepresentation and violation of the Kansas Consumer Protection Act, K.S.A § 50-623 *et seq*. This matter comes before the Court on the Motion To Dismiss By Liquidity International, Inc. (Doc. #87) filed October 31, 2005. For reasons set forth below, the Court overrules defendant's motion.

### Legal Standards

The standard which governs a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), Fed. R. Civ. P., is well established. Plaintiff bears the burden of establishing personal jurisdiction over defendant. Before trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, plaintiff need only make a prima facie showing. The allegations in the complaint must be taken as true to the extent they are uncontroverted by defendant's affidavits. Intercon, Inc. v. Bell Atl. Internet Solutions, Inc., 205 F.3d 1244, 1247 (10th Cir.

2000) (only well-pled facts, as distinguished from conclusory allegations, accepted as true). If the parties present conflicting affidavits, all factual disputes are resolved in plaintiff's favor, and plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party. Behagen v. Amateur Basketball Ass'n, 744 F.2d 731, 733 (10th Cir. 1984), cert. denied, 471 U.S. 1010 (1985); see also Williams v. Bowman Livestock Equip. Co., 927 F.2d 1128, 1130-31 (10th Cir. 1991); Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1417 (10th Cir. 1988).

**Factual Background**

In the spring of 2002, plaintiff began taking Fastrim, a dietary weight loss supplement which contained ephedra. Plaintiff purchased the product over the telephone after watching a television infomercial which advertised Fastrim. On May 3, 2002, plaintiff suffered a myocardial infarction which resulted in permanent and progressive injuries to his heart.

Defendant contends that the Court must dismiss plaintiff's claims for lack of personal jurisdiction. See Fed. R. Civ. P. 12(b)(2). Specifically, defendant asserts that the Court cannot exercise personal jurisdiction because the Kansas long-arm statute does not confer jurisdiction and defendant does not have the required minimum contacts with the State of Kansas. Plaintiff argues that defendant did not timely file its motion and that the Court can exercise personal jurisdiction over defendant.

**Procedural Background**

On May 19, 2005, Magistrate Judge David J. Waxse entered a scheduling order which set October 10, 2005 as the deadline for filing motions to dismiss for lack of personal jurisdiction. On October 6, 2005, defendant sought an extension of time to file a motion to dismiss. See Doc. #73. The Court granted defendant until October 27, 2005 to file its motion. Doc. #79. On October 31, 2005,

without filing a second motion for extension of time, defendant filed its motion to dismiss for lack of personal jurisdiction. See Motion To Dismiss By Liquidity International, Inc. (Doc. #87). Plaintiff objected to defendant's untimely filing. Under D. Kan. Rule 6.1(d)(2), defendant had until December 6, 2005 to file a reply. Defendant has not done so or sought an extension of time to file a reply.

## Analysis

Generally, a party may be allowed to file a motion out of time upon a showing of excusable neglect. Fed. R. Civ. P. 6; D. Kan. Rule 6.1. Courts consider four factors to determine excusable neglect: (1) danger of prejudice to the nonmoving party; (2) length of the delay and its potential impact on judicial proceedings; (3) reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. City of Chanute, Kan. v. Williams Nat'l Gas Co., 31 F.3d 1041, 1046 (10th Cir. 1994). Here, defendant did not seek additional time to file its motion, nor did it seek to file out of time. Defendant has offered no explanation for its late filing and did not respond to plaintiff's objection. The delay was short, however, and plaintiff does not allege any prejudice as a result of the delay. The Court therefore considers defendant's motion and cautions defendant to strictly adhere to all future scheduling deadlines.

The Court applies a two-part test to analyze Rule 12(b)(2) motions to dismiss for lack of personal jurisdiction over a nonresident defendant. First, defendant's conduct must fall within a provision of the Kansas long-arm statute, K.S.A. § 60-308. Kansas courts construe the long-arm statute liberally to assert personal jurisdiction over nonresident defendants to the full extent permitted by the limitations of due process. Volt Delta Res. Inc. v. Devine, 241 Kan. 775, 777, 740 P.2d 1089, 1092 (1987). Second, defendant must have sufficient minimum contacts with Kansas to satisfy the constitutional guarantee of due

process. See Equifax Servs., Inc. v. Hitz, 905 F.2d 1355, 1357 (10th Cir. 1990); see also World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) (court may exercise personal jurisdiction over nonresident defendant only so long as "minimum contacts" exist between defendant and forum state).

Plaintiff alleges that defendant "was doing business in the State of Kansas and, at all times relevant to this lawsuit, designed, manufactured, marketed, distributed, warranted and sold its ephedra herbal containing product, Fastrim, in Kansas including the specific Fastrim consumed by plaintiff." First Amended Complaint (Doc. #107) filed December 8, 2005, ¶ 3. Plaintiff offers unverified copies of defendant's certificate of incorporation and a recent printout from defendant's website which advertises Fastrim, but plaintiff does not provide any affidavits or other written materials which show that defendant did in fact transact business in Kansas or sold Fastrim to him. Defendant argues that it did not transact business in Kansas at the time plaintiff consumed Fastrim, that it did not sell Fastrim in Kansas at that time, and that plaintiff does not allege that defendant owns real or personal property in Kansas. To support its argument, defendant provides a "Management Agreement" and a "Business Combination Agreement" executed by Scott McKnight, president of Liquidity International, Inc. and Ron Frederic, president of New Image International, Inc. Defendant does not, however, provide an affidavit which sets forth sufficient facts to rebut plaintiff's allegation that it transacted business in Kansas. Specifically, from the information provided, the Court cannot ascertain whether defendant designed, manufactured, marketed or sold Fastrim; the relationship between these two defendants; or even how these agreements relate to Fastrim and plaintiff's allegations. Defendant's arguments presume facts not found in the record. Standing alone, defendant's documents do not controvert plaintiff's allegation that it designed, manufactured, marketed, distributed, warranted and sold Fastrim in Kansas and in fact sold Fastrim to plaintiff. The Court therefore

concludes that defendant has not adequately controverted the prima facie allegations contained within plaintiff's complaint.

**IT IS THEREFORE ORDERED** that the <u>Motion To Dismiss By Liquidity International, Inc.</u> (Doc. #87) filed October 31, 2005 be and hereby is **OVERRULED**.

Dated this 21st day of February, 2006 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge