IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEPHEN SPICER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 04-2184-KHV |
| NEW IMAGE INTERNATIONAL, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| NEW IMAGE INTERNATIONAL, INC., ) | |
| ) | |
| Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ATRIUM, INC., and ASPEN GROUP, INC., ) | |
| ) | |
| Third Party Defendants. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Stephen Spicer brings suit against New Image International, Inc. ("New Image"), Liquidity International, Inc., Atrium, Inc., Aspen Group, Inc., Phillips DRTV, LLC ("Phillips"), Ron Frederic and Jim Sommers, alleging negligence, strict liability, breach of express and implied warranties, fraudulent misrepresentation, negligent misrepresentation and violation of the Kansas Consumer Protection Act, K.S.A § 50-623 *et seq*. This matter comes before the Court on Defendant Jim Sommers' Motion To Dismiss (Doc. #152) filed March 10, 2006; Separate Defendant Phillips DRTV, LLC's Motion To Dismiss (Doc. #156) filed March 15, 2006; and Defendant Ron Frederic's Motion To Dismiss (Doc. #161) filed March 20 2006. For reasons set forth below, the Court sustains the motions.

**Legal Standards**

The standard which governs a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), Fed. R. Civ. P., is well established. Plaintiff bears the burden of establishing personal jurisdiction over defendant. Before trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, plaintiff need only make a prima facie showing. The allegations in the complaint must be taken as true to the extent they are uncontroverted by defendant's affidavits. Intercon, Inc. v. Bell Atl. Internet Solutions, Inc., 205 F.3d 1244, 1247 (10th Cir. 2000) (only well-pled facts, as distinguished from conclusory allegations, accepted as true). If the parties present conflicting affidavits, all factual disputes are resolved in plaintiff's favor, and plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party. Behagen v. Amateur Basketball Ass'n, 744 F.2d 731, 733 (10th Cir. 1984), cert. denied, 471 U.S. 1010 (1985); see also Williams v. Bowman Livestock Equip. Co., 927 F.2d 1128, 1130-31 (10th Cir. 1991); Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1417 (10th Cir. 1988).

A Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). The Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of plaintiff. See Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987). In reviewing the sufficiency of plaintiff's complaint, the issue is not whether plaintiff will prevail, but whether he is entitled to offer evidence to support his claims. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although plaintiff need not precisely state each element of his claims, he must plead minimal

factual allegations on those material elements that must be proved. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

## **Factual Background**

Plaintiff's second amended complaint alleges the following facts:

Defendants designed, manufactured, labeled, packaged, advertised, marketed, promoted, distributed and/or sold the product Fastrim, a dietary weight loss supplement, throughout the United States, including Kansas.[1] Phillips and New Image were joint venturers and agents of each other.

Defendants represented to the general public that Fastrim was safe. Fastrim contains ephedra, a natural drug used for relief of construction and congestion associated with bronchial asthma by stimulating the central nervous system. Possible side effects of ephedra include stroke, brain damage, nervousness, dizziness, tremors, alterations in blood pressure and heart rate, headaches, gastrointestinal distress, chest pain, myocardial infarction, congestive heart failure, seizures, psychosis and death.

In the spring of 2002, plaintiff began taking Fastrim. Plaintiff purchased the product over the telephone after watching a television infomercial. On May 3, 2002, plaintiff suffered a myocardial infarction which resulted in permanent and progressive injuries to his heart. Before plaintiff consumed Fastrim, he was in good health.

By affidavit, Frederic states that he did not formulate or design Fastrim in his individual capacity and that he performed all activities connected with Fastrim in his capacity as an officer and/or employee

---

[1] Plaintiff does not allege specific facts about the nature of defendants' businesses, the relationships between defendants or the roles of Frederic or Sommers. For sake of clarity, Frederic testified that he served as president of New Image and that Sommers was one of Frederic's contacts at Atrium and Aspen. Frederic Dep. 46:1-7, 64:3 (Doc. #170-2).

of New Image.  Frederic further states that he resides in Texas, and has no personal contacts, ties or relations in Kansas, and has never traveled to Kansas.  Finally, Frederic asserts that in his individual capacity, at the time of plaintiff's injury, he was not engaged in solicitation or service activities in Kansas and did not manufacture, process or service products used or consumed within the State of Kansas.

On April 30, 2004, plaintiff filed suit naming New Image and Liquidity as defendants.  On July 9, 2004, New Image filed a third-party complaint against Atrium and Aspen Group.  On December 8, 2005, plaintiff amended his complaint and added Atrium and Aspen Group as defendants. On February 9, 2006, plaintiff added Phillips, Frederic and Sommers as defendants.  Plaintiff asserts claims against all defendants for negligence (Count I), strict product liability "pursuant to  K.S.A. §§ 60-1801, 60-1901 *et seq*. [sic]" (Count II), breach of implied warranties (Count IV) and negligent misrepresentation (Count VI).  Plaintiff also seeks damages against New Image, Liquidity, Atrium, Aspen and Phillips for breach of express warranties (Count III), fraudulent misrepresentation (Count V) and consumer fraud and deceptive business practices in violation of the Kansas Consumer Protection Act, K.S.A. § 50-623 *et seq*. (Count VII).

The complaint alleges that jurisdiction and venue is proper because defendants sold Fastrim to plaintiff in Kansas, plaintiff consumed Fastrim in Kansas and defendants' actions and the events which give rise to the claims occurred in Kansas.  Frederic argues that the Court should dismiss the claims against him for lack of personal jurisdiction.  See Fed. R. Civ. P. 12(b)(2).  Specifically, Frederic asserts that the Court cannot exercise personal jurisdiction because he does not have the required minimum contacts with the State of Kansas.  Plaintiff argues that defendant established minimum contacts by negligently designing, testing and placing Fastrim in the stream of commerce.  In the alternative, plaintiff claims that New Image

is an alter ego for Frederic and the Court should pierce the corporate veil to assert personal liability against Frederic.

Phillips, Sommers and Frederic contend that plaintiff's claims against them are barred by the applicable statutes of limitations. Plaintiff responds that (1) his second amended complaint relates back to the date of the original complaint; (2) the discovery rule in K.S.A.§ 60-513(b) tolled the accrual of the statute of limitations until he could readily ascertain the connection between the myocardial infarction and Fastrim and each defendant's relationship to Fastrim; and (3) defendants should be equitably estopped from asserting a statute of limitations defense because they did not include self-identification on the Fastrim label, and plaintiff was therefore delayed in filing suit against the proper parties.

## **Analysis**

**I.     Personal Jurisdiction – Ron Frederic**

### **A.     Kansas Long Arm Statute**

The Court applies a two-part test to analyze Rule 12(b)(2) motions to dismiss for lack of personal jurisdiction over a nonresident defendant. First, defendant's conduct must fall within a provision of the Kansas long-arm statute, K.S.A. § 60-308.[2] Kansas courts construe the long-arm statute liberally to

---

[2]     K.S.A. § 60-308(b) provides in part as follows:

Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:
* * *
(2) commission of a tortious act within this state;* * *
(7) causing to persons or property within this state any injury arising out of an act or
(continued...)

assert personal jurisdiction over nonresident defendants to the full extent permitted by the limitations of due process. Volt Delta Res. Inc. v. Devine, 241 Kan. 775, 777, 740 P.2d 1089, 1092 (1987). Second, defendant must have sufficient minimum contacts with Kansas to satisfy the constitutional guarantee of due process. See Equifax Servs., Inc. v. Hitz, 905 F.2d 1355, 1357 (10th Cir. 1990); see also World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980) (court may exercise personal jurisdiction over nonresident defendant only so long as "minimum contacts" exist between defendant and forum state).

Plaintiff asserts that this Court may exercise personal jurisdiction over Frederic under K.S.A. § 60-308(b)(2) or (7) because of his negligent design, formulation and testing of Fastrim.[3] K.S.A. § 60-308(b)(7) provides personal jurisdiction when a Kansas resident sustains injury caused by "products, materials or things processed, serviced or manufactured by the defendant anywhere [which] were used or consumed within this state in the ordinary course of trade or use." Frederic responds that he performed all activities in connection with Fastrim as an officer and/or employee of New Image. Frederic cites no case law to support the proposition that a court cannot exercise personal jurisdiction over him simply because he acted on behalf of his employer. Frederic admits that he designed and tested Fastrim, which caused injury to plaintiff in Kansas. The Court need not decide whether Frederic's conduct falls within subsection (b)(2) because (b)(7) provides jurisdiction. Resolving all factual disputes in favor of plaintiff,

---

[2](...continued)
omission outside of this state by the defendant if, at the time of the injury either (A) the defendant was engaged in solicitation or service activities within this state; or (B) products, materials or things processed, serviced or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of trade or use.

[3]     Plaintiff also argues that personal jurisdiction is proper because Frederic conspired "with those who physically commit tortious acts in the forum." Doc. #170 at 6. Plaintiff does not allege conspiracy in his complaint. Therefore the Court does not address this argument.

the Court finds that plaintiff has made a prima facie case of jurisdiction under Section 60-308(b)(7).

### B. Due Process

The Court must determine whether the exercise of jurisdiction satisfies constitutional due process requirements. See Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Due process requires "minimum contacts" between the nonresident defendant and the forum state. Id. This standard may be satisfied in one of two ways. Specific jurisdiction exists over a matter in the forum state if defendant "purposely avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." Trierweiler v. Croxton & Trench Holding Corp., 90 F.3d 1523, 1532 (10th Cir. 1996) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). General jurisdiction exists if "defendant's contacts with the forum state are so 'continuous and systematic' that the state may exercise personal jurisdiction over the defendant, even if the suit is unrelated to the defendant's contacts with the state." Trierweiler, 90 F.3d at 1533 (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16 & n.9 (1984)). In either case, defendant must reasonably be able to anticipate being haled into court in the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). Also, jurisdiction in the particular case must be reasonable so as not to offend traditional notions of fair play and substantial justice. See World-Wide Volkswagen, 444 U.S. at 292.

Frederic argues that he does not have the minimum contacts necessary to satisfy constitutional due process requirements. Plaintiff does not specifically address this argument, but generally contends that the Court may exercise jurisdiction under the Kansas long-arm statute and that Frederic placed a defective product in the stream of commerce. Mere knowledge that a product may enter the forum state through the stream of commerce is not sufficient to establish personal jurisdiction over defendant. Redwine v.

Franz Plasser Bahnbaumaschinen Industriegesellschaft, M.B.H, 794 F. Supp. 1062, 1065 (D. Kan. 1992). In Asahi Metal Industry Co. v. Superior Court, 480 U.S. 102 (1986), the Supreme Court stated that "[t]he placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State." Plaintiff may show additional conduct of the defendant through evidence of an intent or purpose to serve the market in the forum State, such as designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as a sales agent in the forum State. Redwine, 794 F. Supp. at 1065. Although the record establishes that New Image advertised in Kansas City, plaintiff does not argue that Frederic was involved in that activity. Plaintiff alleges, however, that Frederic designed, formulated and tested the product with intent to market it through distributors throughout the United States. Plaintiff purchased the product through an infomercial broadcast to Kansas and sustained injury after consuming the product in Kansas. Plaintiff has established a prima facie case that the exercise of personal jurisdiction over Frederic is consistent with constitutional standards, and the Court need not reach plaintiff's argument that the Court should disregard the corporate entity and assert personal liability against Frederic by piercing New Image's corporate veil.

**II.    Statute Of Limitations**

Defendants argue that under Kansas law, various statutes of limitation bar all of plaintiff's claims. More specifically, defendants argue that plaintiff's claims of negligence and strict product liability are barred by the two-year statute of limitations set forth in K.S.A. § 60-513, that his claims for breach of express and implied warranty are barred by the three-year statute of limitations set forth in K.S.A. § 60-512(1),

and that his claim for violation of the Consumer Fraud and Deceptive Business Practices Act is barred by the three-year statute of limitations in K.S.A. § 60-512(2). Plaintiff argues that (1) his claims relate back to the date he timely filed his original petition, and (2) under the discovery rule, his claims are not barred. Plaintiff presumes all claims are subject to the shorter two-year statute of limitations for tort actions, K.S.A. § 60-513.

Kansas courts consider the nature of the cause of action when determining the applicable statute of limitations. Hoelting Enters. v. Nelson, 23 Kan. App.2d 228, 231, 929 P.2d 183, 185 (1996). Here, because plaintiff claims injury as a result of a defective product, his claims sound in tort and K.S.A. § 60-513 establishes the statutes of limitations. See Bloesser v. Office Depot, Inc., 158 F.R.D. 168, 170 (D. Kan. 1994) (personal injury claims resulting from alleged breach of warranty sound in tort and are governed by K.S.A. § 60-513). Accordingly, the Court applies K.S.A. § 60-513. If the complaint alleges facts which on their face seem time-barred, plaintiff has an affirmative obligation to plead facts which defeat the statute of limitations. See Hysten v. Escalante, No. CIV.A. 01-3101-KHV, 2001 WL 681270, at *1 (D. Kan. May 24, 2001) (citing Aldrich v. McCulloch Props., Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).

### A.    Relation Back

Defendants argue that because plaintiff's claims are subject to a two-year statute of limitations, they are time-barred. Defendants contend that the statute of limitations began to run on May 3, 2002, when plaintiff suffered a myocardial infarction, and that he did not join them as parties until February 9, 2006, more than three-and-a-half years later. Plaintiff argues that he filed his action within two years after his injury, and that his claims against Phillips, Frederic and Sommers relate back to his original complaint filed

April 30, 2004.

The Federal Rules of Civil Procedure govern relation back in a federal court action. See, e.g., In re Estate of Kout v. United States, 241 F. Supp.2d 1183, 1191 (D. Kan. 2002). Under Rule 15(c)(3), an amendment relates back to the date of the original pleading when the amendment changes the party or the naming of the party against whom a claim is asserted if (1) the claim arose out of the conduct, transaction or occurrence set forth in the original pleadings; (2) the party to be joined received such notice that it will not be prejudiced in maintaining a defense; (3) the party to be joined knew or should have known that but for a mistake of identity the action would have been brought against it; and (4) the second and third requirements have been fulfilled within the prescribed period for service of process – 120 days after the filing of the original complaint under Rule 4(m). Blackwell v. Harris Chem. N. Am., Inc., 11 F. Supp.2d 1302, 1307 (D. Kan. 1998). All four conditions must be satisfied. Id.; see also Fed. R. Civ. P. 15(c)(3).

Defendants do not dispute that the claims against Phillips, Sommers and Frederic arise from conduct set forth in the original complaint. Defendants assert that plaintiff does not meet the other three requirements. The heart of the issue is whether plaintiff's failure to name these defendants in the original complaint constitutes a "mistake" in identifying the proper parties within the meaning of the rule. The Court concludes that it does not.

A mistake does not exist just because plaintiff omitted a potentially liable party from the original complaint. See Garrett v. Fleming, 362 F.3d 692, 696-97 (10th Cir. 2004). The Tenth Circuit has stated that "a plaintiff's lack of knowledge of the intended defendant's identity is not a 'mistake concerning the identity of the proper party' within the meaning of Rule 15(c)(3)(B)." Id. at 696; see also In re Estate of

-10-

Kout, 241 F. Supp.2d at 1192 (failure to name defendant which stems from lack of knowledge does not permit relation back); Manildra Milling Corp. v. Ogilvie Mills, Inc., 746 F. Supp. 40, 43 (D. Kan. 1990) (relation back does not apply where plaintiff is aware of potential defendant but unsure about its potential liability). In Garrett, the Tenth Circuit further cited the Advisory Committee Notes to Rule 15(c)(3) which stated that the mistake proviso was included "in order to resolve 'the problem of a misnamed defendant' and allow a party 'to correct a formal defect such as a misnomer or misidentification.'" Id. at 696-97 (citations omitted); see also Ferreira v. City of Pawtucket, 365 F. Supp.2d 215 (D. R.I. 2004) (lack of knowledge about identity of defendant not "mistake").

Here, plaintiff does not allege a misnomer or misidentification of the parties. Indeed, plaintiff glosses over the mistake requirement, arguing only that Phillips and New Image, Frederic and New Image and Atrium and Sommers have identities of interest, that defendants likely received notice of the suit, and that "but for a mistake in identity, the action would have been brought against [defendants]." Plaintiff's conclusory argument (which is not alleged in the complaint) does not identify the nature of the mistake in identity. Plaintiff does not allege that he filed suit against improper parties because of mistake, then later tried to correct that mistake; he apparently just decided to add more defendants as he determined that they might be liable. These are not the circumstances under which Rule 15(c) contemplates relation back to the original complaint. As to these three defendants, plaintiff's second amended complaint does not allege facts which constitute grounds for relation back.

### B.    Discovery Rule

Under K.S.A. § 60-513(b), an action accrues when "the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the

-11-

initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party." The Kansas Supreme Court has interpreted this provision to mean that the statute of limitations starts to run "at the time a negligent act causes injury if both the act and the resulting injury are reasonably ascertainable by the injured person." Moon v. City of Lawrence, 267 Kan. 720, 727, 982 P.2d 388, 394 (1999).

Plaintiff argues that under the discovery rule set forth in K.S.A. § 60-513(b), the statute of limitations for his claims did not begin until he became aware of the connection between Fastrim, defendants and his myocardial infarction on May 3, 2002. Defendants respond that plaintiff's myocardial infarction occurred on May 3, 2002, that his injury was readily ascertainable at that time, and that he had a duty to investigate his injuries and their cause.

In determining a motion to dismiss, the Court considers as true the factual allegations set forth in the complaint. As to these three defendants, however, plaintiff's second amended complaint does not allege that the discovery rule tolled the statute of limitations until he learned the cause of his injury. Accordingly, the circumstances alleged in the complaint do not defeat the apparent bar of the applicable statute of limitations.

### C. Equitable Estoppel

Plaintiff argues that defendants misled the public by not specifically identifying themselves on the Fastrim label, and that they therefore should be equitably estopped from raising a statute of limitations defense. In Rex v. Warner, 183 Kan. 763, 771, 332 P.2d 572 (1958), the Kansas Supreme Court explained the doctrine of equitable estoppel as follows:

> It is a legal maxim well understood that nothing can interrupt the running of the statute of

> limitations, and it is commonly stated without any qualification. Courts, however, have ingrafted upon such statutes an exception based upon estoppel. Generally speaking, actual fraud in the technical sense, bad faith, or an attempt to mislead or deceive is not essential to create such an estoppel; to invoke the doctrine, the . . . defendant must have done something that amounted to an affirmative inducement to plaintiff to delay bringing the action.

Under this doctrine, a defendant may not rely on a statute of limitations defense if it induced plaintiff to delay filing an action through affirmative acts or through silence when under an affirmative duty to speak. Robinson v. Shah, 23 Kan. App.2d 812, 832, 936 P.2d 784, 798 (1997).

Again, the Court considers as true the factual allegations set forth in the complaint. Here, however, plaintiff's complaint does not include factual allegations that defendants misled the public by excluding their names from the label of the Fastrim product, or that defendants induced plaintiff to delay filing suit through silence when they had a duty to speak. Plaintiff's allegations of estoppel do not appear until the argument section of plaintiff's briefs in response to the pending motions. Absent any allegations of estoppel in the complaint, the Court cannot conclusively determine that defendants are equitably estopped from asserting the applicable statute of limitations. In summary, the claims which plaintiff alleges against these three defendants appear from the face of the complaint to be time-barred. Because plaintiff has alleged no circumstances which defeat the statute of limitations, defendants are entitled to dismissal.

**IT IS THEREFORE ORDERED** that Defendant Jim Sommers' Motion To Dismiss (Doc. #152) filed March 10, 2006 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Separate Defendant Phillips DRTV, LLC's Motion To Dismiss (Doc. #156) filed March 15, 2006 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Defendant Ron Frederic's Motion To Dismiss (Doc. #161)

filed March 20 2006 be and hereby is **SUSTAINED**. Claims against other defendants remain in the case.

Dated this 18st day of August, 2006 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge
