IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEPHEN SPICER,

            Plaintiff,

v.

NEW IMAGE INTERNATIONAL, INC., et al.,

            Defendants.
_____      No. 04-2184-KHV-DJW

NEW IMAGE INTERNATIONAL, INC.,

            Third-Party Plaintiff,

v.

ATRIUM, INC., and ASPEN GROUP, INC.,

            Third-Party Defendants.

**MEMORANDUM AND ORDER**

      This matter is before the Court on Defendant New Image's Motion for Leave to Amend its Third-Party Complaint against Defendants Atrium and Aspen Group (doc. 199). Also pending before the Court is Third-Party Defendants Atrium and Aspen's Motion for Leave to File Surreply (doc. 208). For the reasons set forth below, the Court construes New Image's request as a Motion for Leave to Amend Pleading to Assert Cross-Claims and, as such, denies the Motion. Further, because the Court finds additional argument and evidence beyond original pleadings is not necessary for the Court to decide the pending motion, Atrium and Aspen's Motion for Leave to File Surreply will be denied.

**Background**

      Plaintiff Stephen Spicer ("Plaintiff") filed this lawsuit against New Image in April 2004. In the lawsuit, Plaintiff asserts he suffered a myocardial infarction on May 3, 2002 and that this cardiac episode was caused by ingestion of Fastrim, a dietary supplement containing ephedra.

      On July 8, 2004, New Image filed a Third-Party Complaint bringing Atrium and Aspen in as Third-Party Defendants. More specifically, New Image sought indemnification and contribution from

Atrium and Aspen. On December 8, 2005, Plaintiff filed an Amended Complaint naming both Atrium and Aspen as direct Defendants in the primary case.

On September 29, 2006, New Image filed a Motion for Leave to Amend its Third-Party Complaint in order to assert the following causes of action against Defendants Atrium and Aspen:

- breach of a verbal contract to provide liability insurance for New Image with regard to the Fastrim product;

- common law fraud in intentionally and falsely representing to New Image that they carried liability insurance for the Fastrim product;

- breach of express warranty and breach of implied warranty that the Fastrim product was safe, effective, clinically tested, fit for use, and of merchantable quality; and

- negligent misrepresentation in communications to New Image.

Defendants Atrium and Aspen oppose amending the third-party complaint on grounds that the proposed amendments would not survive a motion to dismiss; thus, amending the Third Party Complaint would be futile.

**<u>Legal Relationship of the Parties as it Relates to the Pending Request to Amend</u>**

Before addressing the substantive issue of amendment, the Court finds it necessary to clarify the legal relationship between the parties as it relates to the pending request to amend the pleadings. To that end, the Court finds another brief review of the procedural history is necessary.

Plaintiff Stephen Spicer filed this lawsuit against Defendant New Image. Thereafter, Defendant New Image, as a Third-Party Plaintiff, filed a Third-Party Complaint against Atrium and Aspen as Third-Party Defendants. The Third-Party Complaint was filed pursuant to Rule 14 of the Federal Rules of Civil Procedure, which provides that

2

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served ***upon a person not a party to the action*** who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff.[1]

After New Image filed its Third-Party Complaint against Third-Party Defendants Atrium and Aspen, Plaintiff filed an Amended Complaint adding Atrium and Aspen as direct Defendants. Based on the addition of Atrium and Aspen as direct Defendants in this matter, (1) New Image, (2) Atrium, and (3) Aspen are all now co-defendants. In light of these circumstances, as well as Rule 14 prerequisites governing third-party practice, the Court finds Atrium and Aspen can no longer be characterized as proper Third-Party Defendants for purposes of amending the pleadings. More specifically, now that Atrium and Aspen are co-parties with New Image, the Court finds that the appropriate procedure for New Image to bring the proposed claims against Atrium and Aspen is to do so pursuant to Fed. R. Civ. P. 13, which provides

> A pleading may state as a cross-claim any claim ***by one party against a co-party*** arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action.[2]

Based on this discussion, and in the interest of judicial economy, the Court hereby construes the pending Motion to Amend Third-Party Complaint as New Image's Motion to Amend Pleadings to Assert Cross-Claims.

---

[1] Fed. R. Civ. P. 14 (emphasis added).

[2] Fed. R. Civ. P. 13 (emphasis added).

**Legal Standard for Motions to Amend**

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its pleading once as a matter of course before a responsive pleading is served. Subsequent amendments are allowed only by leave of court or by written consent of the adverse party.[3] Leave to amend, however, is to be "freely given when justice so requires."[4] The decision to grant leave to amend after the permissive period is within the district court's discretion.[5]

Although Rule 15(a) provides that leave to amend shall be given freely, the court may deny leave to amend where amendment would be futile.[6] A motion to amend may be denied as futile if the proposed amendment would not withstand a motion to dismiss or otherwise fails to state a claim.[7] The court will dismiss for failure to state a claim only when "it appears beyond a doubt that the [party] can prove no set of facts in support of his claims which would entitle him to relief"[8] or when an issue of law is dispositive.[9] The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the claimant.[10] The

---

[3]Fed. R. Civ. P. 15(a).

[4]*Foman v. Davis*, 371 U.S. 178, 182 (1962).

[5]*Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991).

[6]*Jefferson County School Dist. No. R-1 v. Moody's Investor's Serv., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) (citing *Bauchman v. West High School*, 132 F.3d 542, 559 (10th Cir.1997)).

[7]*Id.*; *Schepp v. Fremont Cty.*, 900 F.2d 1448, 1451 (10th Cir. 1990).

[8]*Poole v. Cty. of Otero*, 271 F.3d 955, 957 (10th Cir. 2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

[9]*Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

[10]*Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001).

issue in resolving a motion such as this is "not whether [the claimant] will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."[11]

## Analysis

**A.   Proposed Cross-Claims for Beach of Contract, Fraud and Negligent Misrepresentation**

As noted above, pleading a cross-claim against a co-party is governed by Rule 13(g), which provides:

> (g) Cross-Claim Against Co-Party. A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Although several tests have been used by the courts to determine whether there is a properly assertable cross-claim, the logical relationship test – that is, whether the cross-claim involves many of the same factual and legal issues present in the main action – is the generally accepted standard.[12]

Here, New Image proposes breach of contract, fraud and negligent misrepresentation claims against Aspen and Atrium related to Aspen and Atrium's failure to provide liability insurance as allegedly promised. The underlying case, however, is a products liability action. In comparing New Image's three proposed cross-claims to Plaintiff's existing underlying claims, the Court finds that the facts required to prove (1) the existence of a contract to provide liability insurance and the subsequent breach of that contract; and (2) the falsity of statements related to Atrium and Aspen's alleged promise to carry liability insurance, are completely different from the facts required to prove Plaintiff's product

---

[11]*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quotation omitted).

[12]*Allstate Ins. Co. v. Daniels*, 87 F.R.D. 1,5 (W. D. Okla. 1978) (citing Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1432 at p. 171 (1971)).

liability claims. In addition to factual differences, the Court finds there is no similarity between the legal issues to be decided in New Image's proposed cross-claims and Plaintiff's product liability claims.

Based on the circumstances, the Court concludes the proposed cross-claims are not logically related to the main claim; i.e., do not involve the same factual and legal issues present in the main action. Consequently, they cannot be considered as arising out of the transaction or occurrence that is the subject matter of the original action. Because the proposed cross-claims fail to meet the requirements set forth in Fed. R. Civ. P. 13(g), the proposed cross-claims are improper; thus, the Court uses its discretion to deny New Images's request to amend its pleading to assert cross-claims against Atrium and Aspen for the breach of contract, fraud and negligent misrepresentation claims.[13]

**B.      Proposed Cross-Claims for Breach of Express and Implied Warranties**

New Image seeks leave to assert claims for breach of express and implied warranties. More specifically, New Image alleges Atrium and Aspen warranted to provide a safe and effective product.

As a preliminary matter, the Court acknowledges that the facts related to the proposed breach of warranty claims will likely be the same as the facts related to Plaintiff's underlying claims. Regardless of this similarity in facts, however, these two proposed cross-claims still must be denied on grounds that they are futile as alleged; in other words, they fail to allege a claim upon which relief can be granted. This is because liability for breach of express or implied warranty is predicated on an alleged breach of the warranty. For example, Kansas Pattern Jury Instructions provide as follows:

> **128.10. Implied Warranty Of Fitness For Particular Purpose**
>
> When a seller at the time of contracting for a sale has reason to know of any particular purpose for which the (product) (goods) are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable (products) (goods), there is an implied warranty that the (product) (goods) shall be fit for that purpose.

---

[13] *Woolsey v. Marion Labs., Inc.*, 934 F.2d at 1462 (holding that the decision to grant leave to amend after the permissive period is within the district court's discretion).

> A seller *who breaches this warranty is liable* to any person who may reasonably be expected to use, consume, or be affected by the goods and who is injured as a result.[14]

> **128.12. Express Warranties By Affirmation, Promise, Description, Or Sample**
> In the sale of goods, express warranties by a seller may be created in the following situation(s):
>
>> (Any representation of fact or promise that relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods will conform to the representation or promise.)
>>
>> (Any description of the goods that is made part of the basis of the bargain creates an express warranty that the goods will conform to the description.)
>>
>> (Any sample or model that is made part of the basis of the bargain creates an express warranty that the goods will conform to the sample or model.)
>>
>> A statement pertaining to the value of the goods or purporting only to be a (seller's) (manufacturer's) opinion does not create a warranty.
>>
>> A (seller) (manufacturer) who *breaches an express warranty is liable* to any injured person who may reasonably be expected to use, consume, or be affected by the goods.[15]

Here, although New Image repeatedly asserts in its proposed cross-claims that Atrium and Aspen warranted to provide a safe and effective product and that New Image relied on such warranties, nowhere in the proposed cross-claims does New Image make the specific allegation that that Atrium and Aspen breached the alleged warranty. In other words, New Image fails to assert that the Fastrim product is not as Atrium and Aspen allegedly warranted. New Image merely states that it may be held liable for Plaintiff Spicer's damages if Plaintiff Spicer ultimately prevails at trial.

---

[14] PIK 3d Civ. 128.10 (2005) (emphasis added).

[15] PIK 3d Civ. 128.12 (2005) (emphasis added).

The Court finds that New Image fails to allege a claim upon which relief can be granted with respect to the proposed breach of express and implied warranty cross-claims. Thus, New Image's motion to amend pleadings to include these cross-claims will be denied as futile.

For the reasons stated above, New Image's Motion for Leave to Amend Pleading to Assert Cross-Claims (doc. 199) is denied. Moreover, because the Court finds additional argument and evidence beyond original pleadings was not necessary for the Court to fairly decide the pending motion, Atrium and Aspen's Motion for Leave to File Surreply (doc. 208) is denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 26th day of December, 2006.

s/ David J. Waxse<br>
David J. Waxse<br>
United States Magistrate Judge

cc:   All counsel and *pro se* parties