# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| STEPHEN SPICER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 04-2184-KHV |
| NEW IMAGE INTERNATIONAL, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |
| ) | |
| ) | |
| NEW IMAGE INTERNATIONAL, INC., ) | |
| ) | |
| Third Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ATRIUM, INC., and ASPEN GROUP, INC., ) | |
| ) | |
| Third Party Defendants. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Stephen Spicer brings suit against New Image International, Inc. ("New Image"), Liquidity International, Inc. ("Liquidity"), Atrium, Inc. ("Atrium") and Aspen Group, Inc. ("Aspen"), alleging negligence, strict liability, breach of express and implied warranties, fraudulent misrepresentation, negligent misrepresentation and violation of the Kansas Consumer Protection Act ("KCPA"), K.S.A § 50-623 et seq.[1] New Image brings third-party claims against Atrium and Aspen, seeking indemnity or contribution

---

[1] Plaintiff also sued Phillips DRTV, LLC, Ron Frederic and Jim Sommers. By order of the Court, these parties have been dismissed. See Memorandum And Order (Doc. #186) filed August 18, 2006.

for all sums assessed against it in liability to plaintiff. This matter comes before the Court on <u>Defendants' Motion To Dismiss Plaintiff's Claims</u> (Doc. #191) and <u>Third-Party Defendants' Motion To Dismiss</u> (Doc. #193), both filed September 9, 2006. Atrium and Aspen argue that plaintiff and New Image have failed to state claims upon which relief can be granted, and seek dismissal under Rule 12(b)(6), Fed. R. Civ. P. For reasons below, the Court sustains the motion with regard to plaintiff's claims against Atrium and Aspen, and in part sustains the motion with regard to the New Image third-party claims against Atrium and Aspen.

## **Legal Standards**

A Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>GFF Corp. v. Associated Wholesale Grocers, Inc.</u>, 130 F.3d 1381, 1384 (10th Cir. 1997). The Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of plaintiff. <u>See</u> <u>Shaw v. Valdez</u>, 819 F.2d 965, 968 (10th Cir. 1987). In reviewing the sufficiency of plaintiff's complaint, the issue is not whether plaintiff will prevail, but whether he is entitled to offer evidence to support his claims. <u>See</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). Although plaintiff need not precisely state each element of his claims, he must plead minimal factual allegations on those material elements that must be proved. <u>See</u> <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).

**Factual Background**

**I.     Plaintiff's Claims Against Atrium And Aspen**

Plaintiff's second amended complaint alleges the following facts:

New Image, Liquidity, Atrium and Aspen designed, manufactured and marketed Fastrim, a dietary weight loss supplement, throughout the United States.[2] Defendants represented to the general public that Fastrim was safe. Fastrim contains ephedra, a natural drug for relief of congestion associated with bronchial asthma. Ephedra stimulates the central nervous system, and possible side effects include stroke, brain damage, nervousness, dizziness, tremors, alterations in blood pressure and heart rate, headaches, gastrointestinal distress, chest pain, myocardial infarction, congestive heart failure, seizures, psychosis and death.

In the spring of 2002, plaintiff began taking Fastrim. Plaintiff purchased the product over the telephone after watching a television infomercial. On May 3, 2002, plaintiff suffered a myocardial infarction which resulted in permanent and progressive injuries to his heart. Before plaintiff consumed Fastrim, he was in good health.

Plaintiff originally filed suit against New Image and Liquidity on April 30, 2004. On December 8, 2005, plaintiff amended his complaint and added Atrium and Aspen as defendants. On February 9, 2006, plaintiff filed his second amended complaint. Plaintiff asserts claims against all defendants for negligence (Count I), strict product liability "pursuant to K.S.A. §§ 60-1801, 60-1901 *et*

---

[2]     Plaintiff alleges his claims against defendants collectively. The second amended complaint makes no attempt to distinguish any particular defendant's role in the manufacturing and/or distribution process.

*seq.* [sic]" (Count II), breach of express warranties (Count III), breach of implied warranties (Count IV), fraudulent misrepresentation (Count V), negligent misrepresentation (Count VI) and consumer fraud and deceptive business practices in violation of the KCPA (Count VII).

Atrium and Aspen argue that plaintiff's claims against them are barred by the applicable statute of limitations and should be dismissed under Rule 12(b)(6).

## II. New Image Third-Party Claims Against Atrium And Aspen

On July 9, 2004, New Image filed a third-party complaint against Atrium and Aspen. New Image alleges that it is entitled to indemnity or contribution for its liability, if any, to plaintiff. New Image alleges that the wrongful conduct of Atrium and Aspen (including negligence, strict product liability, breach of express warranty, breach of implied warranty, fraudulent misrepresentation, negligent misrepresentation and/or violation of the KCPA) was the sole cause of plaintiff's injuries.

Atrium and Aspen argue that Kansas law does not recognize third-party claims of common law indemnification and contribution and that such claims should be dismissed under Rule 12(b)(6).

## Analysis

## I. Plaintiff's Claims Against Atrium And Aspen

Atrium and Aspen argue that plaintiff's claims are barred by K.S.A. § 60-513(a), the two-year statute of limitations for personal injury actions. Atrium and Aspen argue that the statute began to run on May 3, 2002, when plaintiff suffered a myocardial infarction, and that he did not join them as parties until December 8, 2005, more than three years later. Plaintiff apparently concedes that on the facts alleged in the second amended complaint, the statute of limitations has run. Plaintiff, however, seeks an opportunity to allege tolling under the "discovery rule." See K.S.A. § 60-513(b).

As the Court has previously held, the two-year statute of limitations governs plaintiff's claims. K.S.A. § 60-513; see Memorandum And Order (Doc. #183) at 9 (citing Hoelting Enters. v. Nelson, 23 Kan. App.2d 228, 231, 929 P.2d 183, 185 (1996); Bloesser v. Office Depot, Inc., 158 F.R.D. 168, 170 (D. Kan. 1994)). If the complaint alleges facts which on their face seem time-barred, plaintiff has an affirmative obligation to plead facts which defeat the statute of limitations. See Hysten v. Escalante, No. 01-3101-KHV, 2001 WL 681270, at *1 (D. Kan. May 24, 2001) (citing Aldrich v. McCulloch Props., Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980)).

Under K.S.A. § 60-513(b), an action accrues when "the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party." The Kansas Supreme Court has interpreted this provision to mean that the statute of limitations starts to run "at the time a negligent act causes injury if both the act and the resulting injury are reasonably ascertainable by the injured person." Moon v. City of Lawrence, 267 Kan. 720, 727, 982 P.2d 388, 394 (1999).

Plaintiff argues that under the discovery rule, the statute of limitations did not begin until Atrium and Aspen responded to written discovery requests from New Image and plaintiff became aware of their involvement with Fastrim. Atrium and Aspen correctly respond, however, that plaintiff's complaint does not allege facts which would support the application of the discovery rule in this case.

In determining a motion to dismiss, the Court considers the factual allegations of the complaint. As to Atrium and Aspen, plaintiff's second amended complaint does not allege that the discovery rule tolled the statute of limitations. Accordingly, the circumstances alleged in the complaint do not defeat the

apparent bar of the applicable statute of limitations and plaintiff's claims against Atrium and Aspen must be dismissed.

Because plaintiff has not filed a proper motion for leave to amend his second amended complaint, the Court does not grant plaintiff's request to amend at this time. See D. Kan. R. 15.1 (motion for leave to amend must set forth concise statement of amendment and attach proposed pleading); McNamara v. Pre-Paid Legal Servs., Inc., 189 Fed. Appx. 702, 718 (10th Cir. 2006) (citing Calderon v. Kan. Dep't of Soc. & Rehab. Servs., 181 F.3d 1180, 1186-87 (10th Cir. 1999)) (district court need not engage in independent research or read minds of litigants to determine if information justifying amendment exists).

## II.     New Image Third-Party Claims Against Atrium And Aspen

Atrium and Aspen argue that Kansas law does not recognize third-party claims of common law indemnification and contribution. Specifically, Atrium and Aspen argue that K.S.A. § 60-258a establishes comparative negligence and extinguishes common-law indemnity and contribution under Kansas law.[3] New Image responds that its claim is for contractual indemnification, which remains valid under Kansas law.[4] New Image does not address the arguments against its contribution claim, and apparently concedes

---

[3]    K.S.A. § 60-258a(d) provides as follows:

Where the comparative negligence of the parties in any action is an issue and recovery is allowed against more than one party, each such party shall be liable for that portion of the total dollar amount awarded as damages to any claimant in the proportion that the amount of such party's causal negligence bears to the amount of the causal negligence attributed to all parties against whom such recovery is allowed.

[4]    New Image argues that it has also asserted third-party claims against Atrium and Aspen for negligence, strict products liability, breach of express warranty, breach of implied warranty, fraudulent misrepresentation, negligent misrepresentation and deceptive business practices, and that Atrium and Aspen have not challenged those claims. The Court, however, interprets the third-party complaint to include only
(continued...)

that such claim is improper under Kansas law.

Since the adoption of comparative negligence, Kansas courts compare percentages of fault of all alleged wrongdoers. See Yount v. Deibert, - - - P.3d - - - -, 2006 WL 3524289, at *11 (Kan. 2006). Kansas no longer recognizes a right to indemnity based on active and passive negligence. Kennedy v. City of Sawyer, 228 Kan. 439, 452-53, 618 P.2d 788, 798 (1980). In a products liability action, however, indemnification among those in the chain of distribution may arise out of the parties' contractual relationship with each other. Teepak, Inc. v. Learned, 237 Kan. 320, 328, 699 P.2d 35, 42 (1985) (citing Kennedy, 228 Kan. 439, 618 P.2d 788). Specifically, a seller found liable for damages to a purchaser of defective goods may seek indemnity from the manufacturer where the damages were the proximate result of the manufacturer's breach of warranty. Black v. Don Schmid Motor, Inc., 232 Kan. 458, 473, 675 P.2d 517, 529 (1983). Under the Kansas comparative negligence scheme, the equitable need for contribution has vanished because one tortfeasor has the statutory right to bring other tortfeasors into the action as defendants and have fault proportionately determined. Teepak, 237 Kan. at 325, 699 P.2d at 40. A party alleging the negligence of another party as a cause of plaintiff's injuries has no cause of action under Kansas law predicated on contribution. Id. at 326, 699 P.2d at 40.

---

[4](...continued)
claims for indemnity and contribution. In the prayer for relief, the third-party complaint does not specifically seek any relief except for indemnity and contribution, plus interest, attorney fees and costs, and "further relief to which New Image may be justly entitled." To the extent that New Image has alleged claims beyond indemnity and contribution, those claims are insufficient under Rule 8(a), Fed. R. Civ. P. See Diebold v. Sprint/United Mgmt. Co., No. 01-2504-KHV, 2002 WL 1071923, at *4 (D. Kan. April 29, 2002) (claim for relief must give fair notice of grounds upon which claim rests and set forth factual allegations respecting each material element necessary to sustain recovery under each theory alleged).

The New Image indemnification claim is distinct from a comparative negligence claim and may be valid under Kansas law. See Battenfeld of Am. Holding, Inc. v. Baird, Kurts & Dobson, No. 97-2336-JWL, 1999 WL 232915, at *2 (D. Kan. Feb. 5, 1999). Here, the third-party complaint alleges that New Image is without fault and that Atrium and Aspen, as manufacturers and sellers, proximately caused plaintiff's injuries through specified wrongful acts. These allegations are sufficient to state a claim for indemnification arising from the chain of distribution in this products liability action. See Black, 232 Kan. at 473, 675 P.2d at 529.

To the extent that New Image asserts a contribution claim, Kansas law does not recognize such a claim. As an equitable remedy, contribution has been replaced by the Kansas comparative fault scheme, and such claim is improper.[5] Teepak, 237 Kan. at 325-26, 699 P.2d at 40. New Image's third-party contribution claim is dismissed.[6]

**IT IS THEREFORE ORDERED** that Defendants' Motion To Dismiss Plaintiff's Claims (Doc. #191) filed September 9, 2006 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED** that Third-Party Defendants' Motion To Dismiss (Doc. #193)

---

[5] A claim of comparative negligence, which focuses on allocation of fault between tortfeasors in assessing liability to plaintiff, may not be asserted in the a third-party complaint, which is concerned only with questions of liability of one tortfeasor to another, including issues of subrogation or contractual indemnity. See Baird v. Phillips Petroleum Co., 535 F. Supp. 1371, 1378 (D. Kan. 1982).

[6] Although Atrium and Aspen are no longer defendants because the Court has sustained their motion to dismiss plaintiff's claims against them, their fault may be compared under K.S.A. § 60-258a. See McGraw v. Sanders Co. Plumbing & Heating, Inc., 233 Kan. 766, 772, 667 P.2d 289, 295 (1983) (formal joinder not prerequisite to comparison of fault); Hefley v. Textron, Inc., 713 F.2d 1487, 1496 (10th Cir. 1983) (district courts may protect defendants by resorting to "phantom party" concept whereby proportionate fault of tortfeasors who cannot be made parties to suit is nevertheless determined). Indeed, New Image previously identified Atrium and Aspen as parties whose fault should be compared in this action. See New Image's Comparative Fault Designation (Doc. #61) filed August 30, 2005.

filed September 9, 2006 be and hereby is **SUSTAINED IN PART**. New Image's third-party claim for contribution against Atrium and Aspen is dismissed with prejudice. New Image's third-party claim for indemnification against Atrium and Aspen remains in the case.

Dated this 4th day of January, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
